United States District Court
Southern District of Texas
**ENTERED**
October 02, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST CHARLES THOMPSON, | § | |
| TDCJ # 02262072, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-3656 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Ernest Charles Thompson brings this habeas action under 28 U.S.C. § 2254 to challenge a parole revocation. After reviewing all of the pleadings as required under 28 U.S.C. § 2241, *et seq.*, and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the case must be dismissed without prejudice for reasons explained briefly below.

### I.  BACKGROUND

Thompson is detained at the Joe Kegans Intermediate Sanction Facility in Houston, in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ). He states that, at a parole revocation proceeding on July 20, 2023, he was sentenced to 45 days in detention (Dkt. 1, at 2). His petition states that he filed no state habeas application or other challenge to the revocation (*id*. at 3-4). As a ground for habeas relief, he states, "I never had a new case" (*id*. at 6).

Publicly available online records from TDCJ reflect that Thompson was convicted three times in Harris County and was sentenced in 2019 to seven years in TDCJ. *See* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Sept. 29, 2023). Thompson's most recent filing in the Court of Criminal Appeals was in 1989. *See* Case Information, Texas Judicial Branch, available at http://search.txcourts.gov/CaseSearch.aspx?coa=cossup=c (last visited Sept. 29, 2023).

## II.     EXHAUSTION OF REMEDIES

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides that a federal court may not grant habeas relief from a state conviction unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up). Exceptions exist only where there is no available state corrective process or circumstances render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust *sua sponte*. *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To satisfy the exhaustion requirement, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (cleaned up). The federal claim must be the "substantial equivalent" of the claim brought before the state court. *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016); *see Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021) ("a state prisoner

who does not fairly present a claim to a state habeas court—specifying both the legal and factual basis for the claim—may not raise that claim in a subsequent federal proceeding"). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—the Court of Criminal Appeals—by taking one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Court of Criminal Appeals; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Court of Criminal Appeals once the trial court determines whether findings are necessary.  *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure.  *See, e.g., Ex Parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998).  As with claims pertaining to a criminal trial, a petitioner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See id.*

In this case, public records reflect that Thompson has not filed a habeas petition in the Texas Court of Criminal Appeals since 1989. He thus has not completed state habeas

corpus review under Article 11.07 of the Texas Code of Criminal Procedure or exhausted state court remedies before seeking federal review of his parole revocation proceeding. Because this state process remains available to Thompson, he does not fit within a recognized exception to the exhaustion doctrine. Comity requires this Court to defer until the Texas Court of Criminal Appeals has addressed the claims raised in his petition.

Thompson's federal habeas petition must be dismissed as premature for lack of exhaustion.

### III. CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal. 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up). Where denial of relief is based on procedural grounds, the

petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court **ORDERS** as follows:

1. This habeas action filed by Ernest Charles Thompson is **DISMISSED without prejudice** for failure of the petitioner to exhaust all available state remedies.
2. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____September 29_____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE